# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1880
_____

United States of America

*Plaintiff - Appellee*

v.

Curtis David Barker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 14, 2020
Filed: May 21, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.
_____

PER CURIAM.

Curtis Barker conditionally pleaded guilty to federal charges after a Missouri Highway Patrol officer found a gun, marijuana, and cocaine during a traffic stop. *See* 18 U.S.C. §§ 922(g)(1), 924(e)(1) (being a felon in possession of a firearm); 18 U.S.C. § 924(c)(1)(A)(i) (possessing a firearm in furtherance of a drug-trafficking crime); 21 U.S.C. § 841(a)(1), (b)(1)(C) (possessing a controlled substance with

intent to distribute it). On appeal, Barker challenges the district court's[1] denial of his motion to suppress these items. His theory is that, before anything was found, the officer had unlawfully seized him. We affirm.

The traffic stop itself was for speeding. After an aerial officer determined that Barker's truck was exceeding the speed limit, an officer on the ground stopped him. He directed Barker to sit in his patrol car, where he could collect the necessary information to issue a speeding ticket. Once they were in the car, the officer smelled marijuana. Combined with Barker's general nervousness and the presence of a "mask[ing]" odor, the officer decided that there was probable cause for a search. The search uncovered cocaine, a firearm, and nearly 100 pounds of marijuana.

We have long held that an officer may require a driver to sit in his patrol car as part of a routine traffic stop. *See, e.g.*, *United States v. Richards*, 967 F.2d 1189, 1193 (8th Cir. 1992) (explaining that such a request is "reasonably related to a stop for a traffic violation"). Barker suggests that this rule conflicts with *Rodriguez v. United States*, which held that even a brief extension of a traffic stop for investigatory purposes can violate the Fourth Amendment. 575 U.S. 348, 357 (2015).

*Rodriguez*, which limits an officer's power to *extend* a traffic stop, has no application here. *See id.* at 355. As we have explained, having Barker sit in the patrol car was *within* "[t]he reasonable scope of the initial traffic stop" itself. *United States v. Bloomfield*, 40 F.3d 910, 916 (8th Cir. 1994) (en banc); *see also United States v. Espinoza*, 885 F.3d 516, 523 (8th Cir. 2018) (applying the rule from *Richards* and *Bloomfield* after *Rodriguez* was decided). The stop was not extended

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable Matt J. Whitworth, United States Magistrate Judge for the Western District of Missouri.

until the officer conducted a search, but by then, probable cause existed. *See United States v. Dunn,* 928 F.3d 688, 693 (8th Cir. 2019) (discussing the automobile exception to the warrant requirement). With no illegal seizure, there was no illegal search.

We accordingly affirm the judgment of the district court.

_____